```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

XL CAPITAL ASSURANCE INC.,  )
                           )   Case No.: 08-Civ.-5842 (JGK)
            Plaintiff,      )   ECF Case
                           )
      v.                    )   STIPULATION AND [PROPOSED]
                           )   ORDER TO ALLOW FDIC LEAVE TO
INDYMAC BANK, F.S.B.,       )   INTERVENE AND BE SUBSTITUTED
                           )   FOR INDYMAC BANK, F.S.B., TO
                           )   REFLECT THE NAME CHANGE OF
            Defendant.      )   PLAINTIFF, AND FOR A STAY OF
                           )   PROCEEDINGS
                           )

-----------------------------------------------------------

WHEREAS, XL Capital Assurance Inc. ("XL"), as Plaintiff, filed its Complaint in this action on June 27, 2008; and

WHEREAS, since the date of the filing of its Complaint, XL has changed its name to Syncora Guarantee Inc. ("Syncora"), effective August 4, 2008; and

WHEREAS, on July 11, 2008, Indymac Bank, F.S.B., Pasadena, California was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Conservator ("FDIC-Conservator" or "FDIC-C") for IndyMac Federal Bank, F.S.B. ("Indymac Federal"), and the FDIC was appointed as Receiver ("FDIC-Receiver" or "FDIC-R") for IndyMac Bank, F.S.B. ("Indymac"); and

WHEREAS, Indymac has failed, no longer operates as a bank, and the assets of Indymac were allocated to FDIC-C and FDIC-R, both of whom now hold an interest in this proceeding pursuant to 12 U.S.C. § 1821(d)(2) and an agreement among the FDIC, FDIC-R, and FDIC-C ("the Insured Deposit Purchase and Assumption Agreement"); and

WHEREAS, FDIC-C and FDIC-R stand in the shoes of Indymac to perform all functions of the institution in the name of the institution, including to defend this action, as further specified in the Insured Deposit Purchase and Assumption Agreement; and

WHEREAS, the FDIC-C and FDIC-R have substantial legal interests in the subject matter of this case; and

WHEREAS, disposition of this action without intervention would impair FDIC-C's and FDIC-R's respective abilities to protect their interests in Indymac; and

WHEREAS, in order to protect their interests, the FDIC-C and FDIC-R seek to intervene pursuant to Fed. R. Civ. P. 24(a) and substitute themselves in the place and stead of Indymac pursuant to Fed. R. Civ. P. 25(c); and

WHEREAS, Fed. R. Civ. P. 24(a) permits a nonparty to intervene in an action when the nonparty claims an interest relating to the property or transaction that is the subject of the action and the disposition of the action without intervention would impair the nonparty's ability to protect its interest; and

WHEREAS, Fed. R. Civ. P. 25 provides that the court may substitute a nonparty in an action when there has been a transfer of interest from a party to the litigation to such a nonparty to the action; and

WHEREAS, 12 U.S.C. § 1821(d)(12)(A)(ii) provides that the FDIC-Receiver may request a 90-day stay of any civil action or legal proceeding to which an insured depository institution has become a party; and

WHEREAS, 12 U.S.C. § 1821(d)(12)(B) provides that upon receipt of a request by any Receiver pursuant to 12 U.S.C. § 1821(d)(12)(A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

NOW, THEREFORE, the Plaintiff and Defendant, by and through the FDIC-C and FDIC-R, hereby stipulate and agree and request that the Court to enter the following order:

1. The FDIC as Conservator for IndyMac Federal Bank, F.S.B. and the FDIC as Receiver for Defendant IndyMac Bank, F.S.B. (collectively, the

"Defendants") are granted leave to intervene as of right in this matter and to be substituted in the place and stead of IndyMac Bank, F.S.B.

2. The style of this action shall be amended to reflect the change of the name of the Plaintiff to Syncora Guarantee Inc. and to reflect the substitution of the Defendants for IndyMac Bank, F.S.B.

3. This case and all related deadlines as to all parties in this case are hereby stayed for ninety (90) calendar days from the date of entry of this Order on the Court's docket.

*[Signature Page Follows]*

SO STIPULATED

Dated: August 13, 2008

HUNTON & WILLIAMS LLP

By: *[signature]*
Tyler P. Brown (*pro hac vice* to be applied for)
Edward L. Douma (admitted *pro hac vice*)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

-and-

Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
Telephone: (212) 309-1000
Facsimile: (212) 309-1100

Attorneys for Plaintiff XL Capital Assurance Inc., now known as Syncora Guarantee Inc.

HELLER EHRMAN LLP

By: *[signature]*
Daniel J. Dunne (*pro hac vice* to be applied for)
Lori Lynn Phillips (*pro hac vice* to be applied for)
Joshua B. Selig (JS-1271)
701 Fifth Ave., Suite 6100
Seattle, Washington 98104
Telephone: (206) 389-6026
Facsimile: (206) 515-8950
Daniel.Dunne@hellerehrman.com
Lori.Phillips@hellerehrman.com
Joshua.Selig@hellerehrman.com

Attorneys for Defendant IndyMac Bank, F.S.B. and Federal Deposition Insurance Corporation, as Conservator for IndyMac Federal Bank, F.S.B. and Receiver for IndyMac Bank, F.S.B.

SO ORDERED on this 17 day of August, 2008

*[signature]*
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

4